Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile:  619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
yosina.lissebeck@dinsmore.com

Sarah S. Mattingly (Ky. Bar 94257 – Admitted pro hac vice)
**DINSMORE & SHOHL LLP**
101 S. Fifth Street, Suite 2500
Louisville, KY 40202
Telephone: 859-425-1096
Facsimile: 502-585-2207
Sarah.mattingly@dinsmore.com
*Special Counsel to Richard A. Marshack,
former Chapter 11 Trustee for the Bankruptcy Estate
of The Litigation Practice Group PC and
current liquidating trustee of the LPG Liquidation Trust*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv. Proc. No. 8:24-ap-01004-SC |
| RICHARD A. MARSHACK,<br>Chapter 11 Trustee,<br>                                 Plaintiff,<br>v.<br>POINT BREAK HOLDINGS LLC,<br>                                 Defendant. | **DECLARATION OF NANCY RAPOPORT IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: March 6, 2025<br>Time: 11:00 a.m.<br>Judge: Hon. Scott C. Clarkson<br>Place: Courtroom 5C<br>    411 West Fourth Street<br>      Santa Ana, California 92701 |

I, Nancy Rapoport, declare:

1. I have served as the court appointed Ethics Compliance Monitor of the bankruptcy estate (the "Estate") of the above-referenced Debtor, pursuant to the order filed on August 7, 2023, as Dk. No. 363 ("Monitor Order"). Except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

2. I submit this Declaration in support of the Trustee's Motion for Summary Judgment, which I have reviewed.

3. I have reviewed the Affiliate Agreement and the transaction history between Debtor and Defendant. I have reviewed a few of the Debtor's legal service agreements used with its consumer clients.

4. It is my understanding that Debtor entered into a legal services agreement with its consumers by which the consumers would pay the Debtor for all legal services provided to the consumers via monthly debits from their bank accounts.

5. As this Court is well aware, Rule 1.15(a) of the California Rules of Professional Conduct requires the deposit of funds received "for the benefit of a client or other person to whom the lawyer owes a contractual, statutory, or other legal duty, including advances for fees, costs, and expenses" into a trust account.

6. Regardless of what a legal service agreement states, for that agreement to comply with the California Rules of Professional Conduct, in retainer-type agreements, the money given as a retainer is not considered to be a present payment for future services. Rather, that money, which should be deposited into a trust account, remains property of the client until the attorney applies it to charges for services actually rendered. Any unearned funds must be returned to the client.

7. Rule 1.15(c) requires a lawyer to exercise control over the client trust account. Rule 1.15(c) ("Funds belonging to the lawyer or the law firm* shall not be deposited or otherwise commingled with funds held in a trust account except: (1) funds reasonably* sufficient to pay bank charges; and (2) funds belonging in part to

a client or other person* and in part presently or potentially to the lawyer or the law firm,* in which case the portion belonging to the lawyer or law firm* must be withdrawn at the earliest reasonable* time after the lawyer or law firm's interest in that portion becomes fixed. However, if a client or other person* disputes the lawyer or law firm's right to receive a portion of trust funds, the disputed portion shall not be withdrawn until the dispute is finally resolved.")[1] After funds in the trust account have legitimately been earned, in order to avoid commingling client funds and the lawyer's own funds, the lawyer must withdraw the earned fees from the trust account and transfer those earned fees to the lawyer's operating account.

8. From my review of the sample LPG legal services agreements, LPG stated that its clients were entitled to a refund if an account was fully validated by a creditor and thus not subject to dispute. The language states:

> If an account is fully validated by a creditor, such that no further dispute to the validity of the account could be made, you will receive a full refund of the fees that you paid towards the invalidation of that account (i.e., you will be refunded the fees paid in proportion to the debt that was validated). Should you have an outstanding balance with LPG at the time your refund is issued on the validated account, any refund will first be applied towards the outstanding balance. A client can elect to move to a debt settlement service on any validated account in lieu of obtaining a refund. If a client makes such an election, fees will no longer be collected for such account and debt settlement services will be performed for no additional fees.

Thus, even by the terms of the legal services agreements, the Debtor had an obligation to refund the money to the clients if an account was fully validated.

9. To the extent that the Debtor moved into its operating account any client trust funds before the Debtor had "earned" the relevant fees, the Debtor violated Rule 1.15(a) of the California Rules of Professional Conduct.

10. It is also my opinion that the Affiliate Agreement, and others like it, were "capping" agreements.

///

---

[1] Asterisks in the quote indicate defined terms.

3

11. Section 6151 of the California Business and Professional Code defines a "runner" or "capper" as "any person, firm, association or corporation acting for consideration in any manner or in any capacity as an agent for an attorney at law or law firm, … in the solicitation or procurement of business for the attorney at law or law firm as provided in this article." That same provision defines an "agent" as "one who represents another in dealings with one or more third persons."

12. Based on the terms of the Affiliate Agreement, it does not appear to me that that this affiliate operated as a legitimate lawyer referral service.

13. Although the California legislature does allow lawyer referral services to operate, such referral services must be registered with the State Bar and must comply with ethical standards. I have not been provided with any such evidence of registration of the Defendant or with any of the operating procedures of the Defendant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Nancy Rapoport

Dated: January 21, 2025

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
101 S. Fifth Street, Suite 2500, Louisville, Kentucky 40202

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF NANCY RAPOPORT IN SUPPORT OF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 23, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Marc C. Forsythe mforsthe@goeforlaw.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) January 23, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Marc C. Forsythe
Goe Forsythe & Hodges LLP
17701 Cowan Avenue, Suite 210 (Lobby D)
Irvine, California 92614

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 23, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY – VIA FEDEX**
The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Central District of California
Ronald Regan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 . Courtroom 5C
Santa Ana, California 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1.23.25 | Jamie Herald | /s/ Jamie Herald |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                F 9013-3.1.PROOF.SERVICE