Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501
yosina.lissebeck@dinsmore.com

Sarah S. Mattingly (Ky. Bar 94257 – Admitted pro hac vice)
**DINSMORE & SHOHL LLP**
101 S. Fifth Street, Suite 2500
Louisville, KY 40202
Telephone: 859-425-1096
Facsimile: 502-585-2207
Sarah.mattingly@dinsmore.com
*Special Counsel to Richard A. Marshack,*
*former Chapter 11 Trustee for the Bankruptcy Estate of*
*The Litigation Practice Group PC and*
*current liquidating trustee of the LPG Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | Adv. Proc. No. 8:24-ap-01004-SC |
| RICHARD A. MARSHACK, Chapter 11 Trustee, Plaintiff, v. POINT BREAK HOLDINGS LLC, Defendant. | **DECLARATION OF JOSHUA R. TEEPLE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

1

I, Joshua R. Teeple, declare:

1. I am a Certified Public Accountant, Certified Fraud Examiner and am Certified in Financial Forensics. I am a co-founder of the public accounting firm Grobstein Teeple, LLP ("GT"), Accountants for the Chapter 11 Trustee, Richard M. Marshack (the "Trustee") of the bankruptcy estate (the "Estate") of Debtor. As such, except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

2. I submit this Declaration in support of Trustee's Motion for Summary Judgment, which I have reviewed.

3. The facts set forth below are true based on (a) my personal knowledge or (b) Debtor's books and records. Neither I nor GT have audited, reviewed, or otherwise examined, as defined by the American Institute of Certified Public Accountants, Debtor's books and records and disclaim any opinion as to their accuracy or completeness.

4. I have reviewed Debtor's balance sheets and profit and loss statements exported from their QuickBooks company files. I have also reviewed the claims register prepared by Omni, the Trustee's claim agent. Finally, I have reviewed the Declaration of Nancy Rapoport filed in support of this Motion ("Rapoport Declaration").

5. My office analyzed the debtor's bank statements and other bank documentation produced to date and created Exhibits 1 and 3, attached to the Complaint. GT does not yet have all bank records for all accounts maintained by Debtor. Thus, Exhibit 1 reflects all transfers Debtor made to Defendant in the four years preceding the bankruptcy, to the extent to which they have been identified based on presently available documentation, in the amount of $3,557,704.32. Exhibit 3 reflects all transfers Debtor made to Defendant in the 90 days preceding the bankruptcy, to the extent to which they have been identified based on presently

available documentation, in the amount of $556,925.14. Thus, during the applicable reach-back period, Debtor paid Defendant the sum of at least $3,557,704.32 between September 2021 and March 2023 ("Transfers").

6. I am informed by counsel that Prime Logix LLC is an entity set up solely to hold the Debtor's money and maintained no other money of its own. The transfer made on March 1, 2023 of $100,000 was made using LPG's funds to Prime Logix LLC which funds Defendant has admitted were subsequently transferred to Defendant.

7. I am informed by counsel that Maverick Management LLC is an affiliate of LPG. The transfer made on March 17, 2023 of $182,072.09 was made using LPG's funds going to Maverick Management Group, LLC which funds Defendant has admitted were subsequently transferred to Defendant.

8. I have been informed Defendant has not presented any evidence demonstrating Debtor was solvent at the time the Transfers were made to the Defendant.

9. I am informed Debtor's insolvency is evidenced, in part, by the 14 separate UCC-1 statements securing debts of Debtor as of September 1, 2022 and that these statements remained unreleased as of the Petition Date. These statements either reflected secured liens against Debtor's assets then owned or thereafter acquired or provided evidence of the assignment or sale of substantial portions of the Debtor's future income. When the transfers to the Defendant were made by Debtor, these UCC-1 statements secured the repayment of the following claimed amounts that are currently known to Plaintiff and are allegedly owed by Debtor: (i) $2,374,004.82 owed to Fundura Capital Group as evidenced by Proof of Claim No. 335 purportedly secured by a UCC statement filed on or about May 19, 2021; (ii) approximately $15 million dollars owed to MNS Funding, LLC as evidence by Proof of Claim No. 1060 purportedly secured by a UCC statement filed on or about May 28, 2021; (iii) approximately $5,000,000 owed to Azzure Capital, LLC as evidenced by Proof of

Claim No. 127 secured by a UCC statement filed on or about May 28, 2021; and (iv) approximately $1.5 million dollars owed to Diverse Capital, LLC purportedly secured by UCC statements filed on or about September 15, 2021 and December 1, 2021 (collectively, "Secured Creditors").

10. Debtor's profit and loss statements reflect approximately $115,000,000 of "Total Income" for the three-year period ending December 31, 2021.[1] I am informed and believe that a substantial portion of this income had not yet actually been earned by Debtor. As explained in the Rapoport Declaration, the Debtor was collecting fees from its consumer clients for future legal services, but it rarely, if ever, placed these fees into an escrow or trust account until earned. Proper accounting treatment of this unearned "income" would have been to record the unearned portion as cash received in a client trust or IOLTA bank account with an offsetting client retainer liability account in the same amount. Thus the unearned portion of the income would be present only on the balance sheet and not on Debtor's profit and loss statement. Debtor's balance sheets reflect two trust accounts, the highest balance of which was approximately $346,000 in November 2021. The balance sheets do not reflect a client retainer liability account.[2] Thus, it appears that Debtor overstated its income during the three years ending December 31, 2021, though the extent to which it is overstated remains unknown. Further, assuming (as it appears to be) Debtor did not properly record its unearned income properly on its balance sheets using a trust account and offsetting client retainer liability account, then Debtor's assets and liabilities on those balance sheets would be inaccurate.[3]

///

---

[1] Note that GT and counsel have exhaustively attempted to obtain additional financial records for Debtor beyond its QuickBooks records which end in or about December 2021. GT and counsel continue to work to obtain such records and I reserve the right to amend my opinion should more complete accounting records become available.

[2] Note that Debtor's balance sheet does have an account entitled "Funds Held in Trust" but it only had a balance of $5,410 on December 31, 2021.

[3] Debtor's balance sheets also do not appear to take into account the approximately $674,000,000 of claims filed with the Court as the highest figure per the debtor's monthly balance sheets during three years ending December 31, 2021 for total liabilities was approximately $7,400,000 in November 2021.

4

11. Additionally, just because Debtor had incoming cash, that does not mean it was solvent. I am informed that most of the Debtor's incoming cash was related to unearned income and should have been held in an appropriate trust account and recorded on its balance sheet with an offsetting client retainer payable account until it was earned. This treatment is further reinforced as appropriate by the fact that Debtor offered its clients a refund for unearned income. Thus, Debtor's incoming cash neither increased its assets (due to the offsetting client retainer liability) nor would it increase its profitability until services were rendered and the income was earned.

12. Finally, Debtor's balance sheets for the 36 months ending December 31, 2021 show only approximately $17,900,000 in total assets (primarily comprised of accounts receivable and merchant loans receivable) at its highest point in November 2021. Obviously, this amount is significantly less than the $500,000,000 of claims filed, further evidencing, Debtor's state of insolvency.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Joshua Teeple*

Dated: January 22, 2025

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
101 S. Fifth Street, Suite 2500, Louisville, Kentucky 40202

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF JOSHUA R. TEEPLE IN SUPPORT OF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 23, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Marc C. Forsythe mforsthe@goeforlaw.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) January 23, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Marc C. Forsythe
Goe Forsythe & Hodges LLP
17701 Cowan Avenue, Suite 210 (Lobby D)
Irvine, California 92614

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 23, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY – VIA FEDEX**
The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Central District of California
Ronald Regan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 . Courtroom 5C
Santa Ana, California 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1.23.25 | Jamie Herald | /s/ Jamie Herald |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                         **F 9013-3.1.PROOF.SERVICE**