

FILED & ENTERED

FEB 10 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.<br><br>Debtor(s).<br>Richard A. Marshack, Chapter 11 Trustee,<br><br>Plaintiff(s),<br>   v.<br>JGW Solutions, LLC,<br><br>Defendant(s). | CHAPTER 11<br><br>Case No.:  8:23-bk-10571-SC<br>Adv No:   8:23-ap-01148-SC<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING AND EVIDENCE** |

On November 26, 2024, the Court held a hearing on Plaintiff's Motion for Summary Judgment filed October 14, 2024 [Dk. 28].[1] Appearances are as noted on the record. The Court, having considered all relevant pleadings, arguments of counsel, and

---

[1] Plaintiff refiled the Motion For Summary Judgment on November 20, 2024, to correct issues with the numeration in the table of contents [Dk. 48]. All citations and references to "Motion" are in reference to Docket 48.

the docket as a whole, finds good cause to require Plaintiff to file supplemental briefing and evidence.

In connection with the Motion, Plaintiff seeks to avoid, recover, and preserve several transfers made by Litigation Practice Group ("Debtor") to JGW Solutions, LLC ("Defendant"). Included in the transfers Plaintiff seeks to recover is one transfer made by Maverick Management Group LLC ("Maverick") to Defendant, totaling $179,229.82 (the "Maverick Transfer"). Defendant, in its opposition filed November 5, 2024 [Dk. 42] and during oral argument, asserts that the Motion should be denied as to the Maverick Transfer as the Maverick Transfer was paid by Maverick, not by Debtor. Although Trustee responds in the reply filed November 26, 2024 [Dk. 47] and in oral argument, that Maverick is an affiliate of Debtor and that the Maverick Transfer was made using Debtor's funds through a Maverick account, insufficient evidence was presented to the Court to establish that there is no genuine issue of fact as to whether the Maverick Transfer involved Debtor's funds.[2]

A court "has discretion to permit parties to submit supplemental materials in support of or in opposition to a motion for summary judgment." *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*, 2018 U.S. Dist. LEXIS 225576, at *10 (C.D. Cal. Aug. 1, 2018) (citing *Savage v. Dennis Dillon Auto Park & Truck Ctr., Inc.*, 2015 U.S. Dist. LEXIS 142803, at *2 (D. Idaho Oct. 19, 2015)). Federal Rule of Civil Procedure 56, in relevant part, provides that if a party fails to properly support an assertion of fact as required by Rule 56(c), the court "may give an opportunity to properly support or address the fact" or "issue any other appropriate order." FRCP 56(e)(1), (4).

///

---

[2] In support of Trustee's argument that Maverick is an affiliate of Debtor, and that the Maverick Transfer was made using Debtor's funds through a Maverick account, Trustee cites to the Declaration of Sarah Mattingly [Dk. 28-3, ¶ 13-14] and various attached exhibits thereto. The Court, however, does not find that the evidence provided is sufficient to establish that the at-issue funds in connection with the Maverick Transfer were those of Debtor.

As this Court favors resolution based on a complete record, and in the interests of judicial economy, the Court finds good cause to give Trustee an opportunity to properly support or address the fact of whether the Maverick Transfer involved Debtor's funds, as permitted by Federal Rule of Civil Procedure 56(e)(1), and orders as follows:

1. By no later than March 3, 2025, Trustee may file a supplemental brief, with supporting evidence, to support the assertion that the Maverick Transfer involved Debtor's funds.

2. By no later than March 17, 2025, Defendant may file a response to Trustee's supplemental brief, with supporting evidence.

3. By no later than March 24, 2025, Trustee may file a reply.

The parties are specifically warned that any supplement filed is limited in scope to the issue of whether the Maverick Transfer involved Debtor's funds. The Court, upon review of any supplemental pleadings, may set a further hearing on the Motion or may rule upon the pleadings, without further notice or hearing.

**IT IS SO ORDERED.**

Date: February 10, 2025

Scott C. Clarkson
United States Bankruptcy Judge