Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile:  619.400.0501
yosina.lissebeck@dinsmore.com

Sarah S. Mattingly (Ky. Bar 94257 – Admitted pro hac vice)
**DINSMORE & SHOHL LLP**
101 S. Fifth Street, Suite 2500
Louisville, KY 40202
Telephone: 859-425-1096
Facsimile: 502-585-2207
Sarah.mattingly@dinsmore.com

*Special Counsel to Richard A. Marshack,*
*Trustee of the LPG Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor.<br><br>———————————————<br><br>RICHARD A. MARSHACK,<br><br>Plaintiff,<br><br>v.<br><br>JGW SOLUTIONS LLC,<br><br>Defendant. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv. Proc. No. 8:23-ap-01148-SC<br><br>**PLAINTIFF RICHARD A. MARSHACK, LIQUIDATING TRUSTEE'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**<br><br>Date: March 3, 2025<br>Judge: Hon. Scott C. Clarkson<br>Place: Courtroom 5C<br>    411 West Fourth Street<br>     Santa Ana, California 92701 |

On November 26, 2024, plaintiff Richard A. Marshack, the former Chapter 11 Trustee for the bankruptcy estate ("Estate") of debtor The Litigation Practice Group P.C. ("Debtor" or "LPG") and current liquidating trustee of the LPG Liquidation Trust (collectively, "Trustee" or "Plaintiff"), by and through his special counsel, caused to be filed a *Motion for Summary Judgment* (the "Motion") on all Counts as to Defendant JGW Solutions, LLC ("JGW" or "Defendant") and related

1

pleadings [Dkt. Nos. 28]. On February 10, 2025, the Court directed the Trustee to submit supplemental briefing on "whether the Maverick Transfers involved Debtor's Funds." [Dkt. No. 65]. The Trustee submits the following Supplemental Brief in support of his Motion.

## **SUPPLEMENTAL BRIEF**

The question is whether or not the Trustee may seek to avoid and recover transfers of property of the Debtor held in non-debtor bank accounts from Defendant. Based on the supplemental evidence and argument, the Trustee may recover transfers of property of the Debtor held in non-debtor accounts paid to Defendant at the direction of Debtor.

### **Supplemental Evidence**

As argued in the Motion, the Trustee seeks to recover, among others, one transfer made by Maverick Management Group LLC ("Maverick") to Defendant, totaling $179,229.82 ("Maverick Transfers"):

| Bank Name | Account Name | Statement Date | Transaction Date | Debit/Charge | Memo |
|---|---|---|---|---|---|
| Wells Fargo | Maverick Management Group LLC | 3/31/2023 | 3/17/2023 | $179,229.82 | WTFed#08351 morgan Chase Ban /Ftr/Bnf=Jgw Solutions LLC 9f#0000960076600725 Trn#23031 7179496 Rib# |

The following supplemental evidence establishes the money held by Maverick in the Wells Fargo Account was Debtor's money and property of the estate recoverable by the Trustee from Defendant. The supplemental evidence includes: (1) the declaration of Joshua R. Teeple filed concurrently herewith and incorporated herein by reference; (2) the declaration of Bradford Lee filed concurrently herewith and incorporated herein by reference; and (3) the declaration of Tony Diab filed concurrently herewith and incorporated herein by reference.

1. Maverick was a company used by LPG to hold, transfer and/or deposit assets of LPG. Lee Decl. ¶ 4-8; Diab Decl. ¶ 14, 19, 24, 25 and 26.

2. LPG frequently diverted its assets to and through Maverick. Lee Decl. ¶ 4-8; Diab Decl. ¶ 14, 19, 24, 25 and 26.

3. LPG would direct Maverick to pay certain individuals or entities on behalf of LPG. Lee Decl. ¶ 4-8; Diab Decl. ¶ 14, 19, 24, 25 and 26.

4. Maverick had no other source of revenue or money and no business besides the money it received from or on behalf of LPG. Diab Decl. ¶ 25.

5. On March 17, 2023, JGW received $179,229.82 from Maverick bank account ending in 0496 ("Maverick 0496") held by Optimum. Teeple Decl. ¶ 11(a). Debtor's Financial Records show that Maverick 0496 was funded primarily with two deposits originating from CLG on March 15, 2023 and March 17, 2023 in the amounts of $100,000.00 and $450,000.00 respectively. *Id.*

This tracing analysis establishes funds of the Debtor in the form of CLG Processing deposits went into Maverick 0496 and were used to pay Defendant.

## Supplemental Argument

Bankruptcy courts have readily determined that the diversion of funds comprising property of the estate into an account held in the name of another person or entity does not strip such funds of the character which otherwise made them property of the estate, including in the context of complicated frauds such as the one at issue in this proceeding. Alternatively, the Court should impose a constructive trust.

### A. Property of the Estate

11 U.S.C. § 541(a) provides the filing of a petition for bankruptcy creates an estate comprised of a wide range of property, "wherever located and by whomever held." For that reason, the entrustment of a debtor's property to a third party does not make it non-estate property. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983) (possession is not determinative of whether or not a property interest is property of the estate because "§ 541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code."); *See also In re NJ Affordable Homes Corp.,* 2006 Bankr. LEXIS 4498, *8 (Bankr. D.N.J. June 29, 2006) ("[T]he Bankruptcy Code is not concerned with the technicalities of title when it comes to determining property of the estate."); *In re Anders,* 151 B.R. 543, 545 (Bankr. D. Nev. 1993) (Regardless if an interest is of "conditional, future, speculative or equitable nature . . . [it] does not prevent it from becoming property of the bankruptcy estate."); *Matter of Rolfe,* 34 B.R. 159, 161 (1983) (Bankr. N.D.Ill. 1983) ("Property which a debtor in bankruptcy has the unfettered ability to possess and own . . . . is property of the debtor's estate.")

1    This case is similar to the situation faced in *NJ Affordable Homes*. "At the outset, it must be acknowledged that this is not the typical bankruptcy case…The Trustee and all interested parties are faced with a tragic situation of unusual proportions" committed by the fraud of Debtor. *Id.* at *26-27. In *NJ Affordable Homes*, the Trustee moved the bankruptcy court to authorize it to sell properties used by the debtor in furtherance of a fraudulent Ponzi scheme in which title was placed in the investors' names while the debtor maintained *de facto* ownership and control over the properties and paid the mortgage and taxes. *Id.* at *1-26. In considering the motion to sale, the bankruptcy court undertook an analysis of what constitutes property of the estate. The bankruptcy court noted based on the unique facts and circumstances of the fraud perpetrated "the mere fact that title to a property is in the name of an investor does not mean that [debtor] does not have an equitable interest in the property." *Id.* at *33. In particular, the debtor's practice of placing the titles in the name of the investors but maintaining *de facto* ownership and control over the properties as an element of the overall fraudulent scheme lead the bankruptcy court to find the properties were property of the estate. *Id.* The bankruptcy court also noted that debtor "or one of its affiliated entities provided the investors with the funds to properties, then paid the regular mortgage payments to the various Institutional Lenders, along with the real estate taxes and carrying costs." *Id.* at *33-34. These facts are almost identical to this case. Debtor used its non-debtor affiliates, here Maverick, to hold money of Debtor and exercised *de facto* ownership and control over those funds to pay expenses of the Debtor. *See* Lee Decl; Diab Decl.; and Teeple Decl. As set forth in the Motion and more fulsomely in the supporting Declarations of Brad Lee, Tony Diab, and Josh Teeple, Maverick did not have any operations or capital independent of Debtor and all funds that were transferred to Maverick came from monies that were wrongfully diverted from LPG to Maverick's accounts in furtherance of the scheme described in the Motion and underlying Complaint. Diab Decl. ¶ 25. Thus, the funds held by Maverick are Debtor's funds and property of the estate recoverable against Defendant.

**B.    Constructive Trust**

The Trustee asks, in the alternative, that the Court impose a constructive trust for the benefit of the bankruptcy estate over the Debtor's money which has been wrongfully diverted to the Debtor's insiders. *See* Cal. Civ. Code § 2223 ("One who wrongfully detains a thing is an involuntary

4

1  trustee thereof, for the benefit of the owner."); Cal. Civ. Code § 2224 ("One who gains a thing by
2  fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless
3  he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the
4  benefit of the person who would otherwise have had it."); *see also Goldwater Bank, N.A. v. Elizarov*,
5  No. 22-55404, 2023 U.S. App. LEXIS 1877, at *3 (9th Cir. Jan. 25, 2023) ("A plaintiff seeking such
6  relief need not show the absence of an adequate remedy at law."). Courts interpret these statutes
7  flexibly, applying them "to diverse factual situations where fairness and justice dictated recovery
8  but the actionable facts did not fit into the more readily recognizable modes. . . [in order] to prevent
9  unjust enrichment." *Santa Clarita Water Co. v. Lyons*, 161 Cal. App. 3d 450, 460 (Cal. Ct. App.
10 1984); *Tawansy v. Leslie (In re Raymond Renaissance Theater, LLC)*, 583 B.R. 735, 746 (Bankr.
11 C.D. Cal. 2018) (observing that neither actual fraud nor intentional misrepresentation is a condition
12 precedent to the imposition of an implied trust).

13 "Under California law, a constructive trust can be established where (1) a specific,
14 identifiable property interest exists; (2) the plaintiff has a right to that property interest; and (3) the
15 defendant wrongfully acquired or detained the property interest." *Goldwater Bank, N.A. v. Elizarov*,
16 No. 22-55404, 2023 U.S. App. LEXIS 1877, at *3 (9th Cir. Jan. 25, 2023). These standards are
17 readily satisfied by the applicable evidence.

18 Specific, identifiable property of the Debtor was deposited into Maverick's Wells Fargo
19 account. Lee Decl. ¶ 4-8; Diab Decl. ¶ 14, 19, 24, 25 and 26; Teeple Decl. ¶ 11(a). The Debtor had
20 a right to the money held by Maverick because it was Debtor's money. Lee Decl. ¶ 4-8; Diab Decl.
21 ¶ 14, 19, 24, 25 and 26. Maverick wrongfully acquired Debtor's money as it independently had no
22 other business or source of income. Diab Decl. ¶ 25. Given all the elements are established, the
23 Court should find Maverick held money in constructive trust for Debtor, and the Maverick Transfers
24 are recoverable by the Trustee from Defendant.

25 / / /
26 / / /
27 / / /
28 / / /

# CONCLUSION

Wherefore, the Trustee respectfully requests the Court grant the Trustee's Motion as it relates to all transfers.

Dated: March 3, 2025    DINSMORE & SHOHL LLP

By: /s/ Sarah S. Mattingly
    Yosina M. Lissebeck
    Sarah S. Mattingly (pro hac vice)
    *Special Counsel to Richard A. Marshack, Trustee of the LPG Liquidation Trust*

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**655 West Broadway, Suite 800, San Diego, CA 92101**

A true and correct copy of the foregoing document entitled (*specify*):

**PLAINTIFF RICHARD A. MARSHACK, LIQUIDATING TRUSTEE'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 3, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Yosina M Lissebeck    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Sarah S. Mattingly    sarah.mattingly@dinsmore.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 3, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JGW Solutions, LLC
Jonathan Jenkins
2600 Michelson Dr., # 16000
Irvine, CA 92612

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 3, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY – VIA FEDEX**
The Honorable Scott C. Clarkson
U.S. Bankruptcy Court – Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130, Courtroom 5C
Santa Ana, California 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 3, 2025 | Jamie Herald | /s/ Jamie Herald |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                    **F 9013-3.1.PROOF.SERVICE**